**IN THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF WASHINGTON**
Seattle Division

FILED
LODGED
RECEIVED
**MAIL**

AUG 2 3 2022

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

Symon Mandawala

Plaintiff,                                    Civ.

v.                                    (Hon Judge        )

Era Living LLC,                    **22-CV-1179 RAJ**

Defendant.

**PLAINTIFF'S PETITION TO SEEK RELIEF FOR BEING DEPRIVED THE STATE FAIR COURT PRECEEDINGS**
August 2022 Term – At Seattle, WA

To the Hon. Presiding Judge(s),

### I. INTRODUCTION

1.      HERECOMES the Plaintiff SYMON MANDAWALA who is a former Employee of the defendant's Era Living. Defendant was sued in state superior court for racially discriminate Mr. Mandawala and deliberately causing Mr. Mandawala injury by tasking him work that the city requires a licensed person to do. Defendant was served with the process by certified mail return receipt signed on March 24, 2019, but the defendant failed to respond to Mr. Mandawala within 20 days as superior court rules requires. Instead of filing a motion to extend responding time or motion for leave to file out of time response. They opt by demand Mr. Mandawala to serve thier client again without advisory to the court with an attempt to by back the responding time.

2.      The case also is the first one of its kind in American court of law where the court scheduled a hearing of motion to dismiss that was not filed yet (ghost motion). Ghost motion considerations have not been used since the elimination of ambush trials. Without advisory to the court the defendant Era Living would wish Mr. Mandawala would reserve the process, the defendant coercing Mr. Mandawala to do reservice. After 134 days the defendant went to the state judge ex parte to seek the out of time dismissal of Mr. Mandawala's complaint regardless without formally asking a court if it was appropriate to consider an out of time response without motion on it. The request to consider an out of time motion to dismiss was ex parte and the hearing was

1

scheduled without a motion being filed in court. These are the reasons the defendant conspired with a state judge corruptly to dismiss Mr. Mandawala's state complaint that violated 42 U.S.C 1983, 1985(2), 1985(3) and 1986, respectively.

## II. JURISDICTION

1.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343(a) (1,2 &3),

## III. VENUE

2.      The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) where the claims arose. The defendant resides and does business in the same district where the incident occurred.

## IV. PARTIES

### Plaintiff

3.      The plaintiff currently resides in San Antonio, Texas. He moved to San Antonio because of an injury where he was nursed by a relative. The plaintiff is an African American, former employee of the defendant Era Living working at Aljoya Thornton place near Northgate mall in north Seattle. Mr. Mandawala represented himself in superior court. He never requested any legal assistance to Era Living counsel despite the retired state judge commenting that Mr. Mandawala should be grateful to receive legal help from his opponent's counsel. The legal assistance being referred here is not permitted or allowed in any federal court system without advisory to the court. That legal assistance lacks good faith because the defendant exceeded the twenty-day period to respond as the Washington state superior court rule 12A states. The plaintiff has special respect to Era Living's counsel as she sits on the board of the organization (Provial.Org) which Mr. Mandawala was volunteering 12 hours a week before the injury. The government and tax payers will pay a consequence price if Mr. Mandawala does not get a relief requested. He intend to apply social dissabilty for his issues on left hip. In which this is not any tax payers wish to hear.

### Defendant

4.      Era Living is a private company doing business of senior assisted living in the Puget Sound area. Era Living hired Mr. Mandawala late October of 2012 and terminated Mr. Mandawala's job the same day he went to the ER for the injury he sustained while doing the task he was not licensed to do. The relationship with the defendant started getting sour in the middle of 2015 when the defendant fired the former executive chef who hired Mr. Mandawala. Era Living brought in a new executive chef who is a friend to the former executive chef. The new chef applied numerous tactics to frustrate Mr. Mandawala so that he can voluntarily resign. This including refusing to give Mr. Mandawala time to seek emergency dental attention but allowed a fellow Caucasian employee the privilege of staying home and calling in sick for having a cold. Tasking Mr. Mandawala a job that requires a license to perform in the city of Seattle was his effort to ensure that if Mr. Mandawala refused to do as he says, could be used as a reason to fire Mr. Mandawala. The new executive chef

had previously used the same tactics to cause a former employee named Miguel Guzman to resign who as well is of Asian descent.

5.      Era Living's principal's office is addressed at 400 Union St, Seattle, WA 98101 with eight business facilities around Puget Sound.

## V. <u>FACTS</u>

3.      The Plaintiff Symon Mandawala is a Black African American. He is a former employee of the defendant Era Living. Mr. Mandawala's employment relationship with Era Living ended on May 3, 2016, after being injured at one of Era Living's business facilities. The injury could have been prevented if the executive chef did not assign a task to Mr. Mandawala that required a license to perform in the first place. Up until this point, Era Living had been hiring a licensed third-party contractor to complete the task that was improperly assigned to Mr. Mandawala.

4.      Mr. Mandawala was subjected to racial indifferences when his supervisor denied him the ability to seek immediate medical attention but allowed another Caucasian coworker to take days off for a cold. See Aff B

5.      Each incident of racial discrimination was reported to Mrs. Karan Nolby, the executive director of the facility. Mrs. Nolby had knowledge of these incidents since February 2016 however, nothing changed. As a result, Mr. Mandawala was injured on April 22nd, 2016, following this deliberate indifference. See Aff B

6.      On February 5th, 2019, several before the third year of the first recognized racial discrimination incident, Mr. Mandawala filed a civil suit in superior court of Washington state in Seattle (19-2-03308-8 SEA), alleged discrimination under Federal Title VII, state discrimination RCW 49.60.180(3), unwarranted surveillance/invasion, or intrusion of privacy after working hours, intentionally causing bodily harm, and intentional infliction of emotional distress. See Aff A sub# 1 and Aff B

7.      Mr. Mandawala attempted to serve the complaint and court schedule through his friend on February 5th, 2019, who was told to wait for someone to pick up the complaint for over 1 hour by a receptionist at Era Living's headquarters. This is a form of avoiding the delivery of the complaint which resulted in Mr. Mandawala serving it by certified mail on February 7th, 2019.

**Key area**

8.      The certified mail return receipt was signed on March 25th, 2019. Era Living did not respond or file anything in court until their defense attorney made a notice of appearance 17 days later April 10th, 2019.

9.      Era Living was supposed to file either an answer to the complaint or motion to dismiss under superior court rule 12(b) by April 13th, 2019, which is the 20th day from the return receipt date as required by superior court rule 12(a). Or file a motion in court to extend the answering period (court leave to file out

of time response) by April 13th, 2019. See Aff A

10.    After the response period ended, Era Living's attorney contacted Mr. Mandawala demanding that he serve their client the complaint again without advisory to the court. The letter indicated that Mr. Mandawala failed to identify the proper party to be served. See Aff A sub# 8 ( reasoning Mistake of proper party identity)*(is not a reason to dismiss a complaint or claim. See kropski v Costa Crociere 130 S. Ct.(2010)*

11.    If the attorney's letter were filed in court on time as it was required by CR12(a), the court could have possibly ordered an amendment of the complaint and process which CR15(c) could have applied which related back to the original complaint. Failing the letter instead of timely response or motion to dismiss was an attempt to bypass CR15(c).

12.    The defense attorney filed the letter in superior court as an affidavit to Era Living's out of time motion to dismiss (CR12b5) which was dated April 22nd, 2019.

13.    On or prior to July 12th, 2019, Era Living's attorney had an ex parte meeting with judge Laura Inveen (who retired a day after dismissing the complaint) and the courtroom's deputy clerk. This meeting was intended to set up an out of time motion to dismiss for insufficient of service under CR12(b)5 to have the out of time motion to dismiss for insufficient of service CR12(b)5 (mistake of proper party identity). This motion to dismiss was supposed to be filed prior to April 13th, 2019, as required by CR12(a) or with a motion to extend the response period. As you can see in the docket, there is no request to extend the motion response time (ghost motion)

14.    For the first time since abolishing ambush trials in the 1950s and 60s, the superior court of Washington state in Seattle scheduled a hearing (Aff A sub# 10) for an of out of time motion to dismiss prior to the motion (Aff A sub#12) itself being filed with the court. In addition to that, the motion was then served to Mr. Mandawala after the hearing was set.

15.    After the ex parte meeting between Judge Laura Inveen and Era Living's attorney, the court filed an order on July 16th, 2019, calling parties for a hearing of Era Living's out of time motion to dismiss. Ten days after the July 16th order notice of hearing-Dismiss Era living but no motion was filed prior(see Aff A sub#10, on July 26th, 2019 ten days after the notice of hearing -dismiss Era Living (see Aff A sub# 12), Era Living filed the actual motion to dismiss with the court clerk which is 124 days out of time specified in CR12(a). This was done without a leave to extend the response time to allow 124 days. See Aff A

16.    Judge Laura Inveen dismissed Era Living as a party in this lawsuit on August 30th, 2019, then retired the following day September 1st, 2019. After the complaint was dismissed, Mr. Mandawala filed a motion for reconsideration. Judge Ineveen returned from her retirement and denied the motion for reconsideration despite; 1. No letter of appointment from the Washington State Supreme Court or the state governor to rule on the motion for reconsideration as required by Washington state law. 2. After Judge Laura Inveen retired, the Washington state governor appointed a new active judge. Despite this, Judge Laura Inveen returned to

rule and dismiss the motion for reconsideration that was filed while she was retired. 3. With these actions considered, Judge Laura Inveen ruled outside of her jurisdiction.

17.    Mr. Mandawala objected the timing of the out of time motion to dismiss and asked the court for a leave to amend the process of mistake of proper party identity in Aff A sub# 26. This is the same amendment that Era Living was demanding from Mr. Mandawala in Era Living letter without advisory to the court. Mr. Mandawala was asking for a leave to amend the complaint and the process through a court order or it's knowledge. (found in Aff A sub# 26) In contrast, Era Living's attorney demanded an amendment from Mr. Mandawala without a court order in an attempt to avoid rule CR15(c) (relates back to the original complaint date).

18.    Judge Laura Inveen denied Mr. Mandawala's request of a one-time amendment of complaint and process under CR4(h). see Aff A sub#24  Since Era Living did not file a responsive pleading, Judge Inveen lacked the discretion to deny Mr. Mandawala's request. In doing so, Mr. Mandawala's 14th Amendment right to due process seems was violated.

19.    Mr. Mandawala tried to appeal, but the court of appeals never addressed Era Living's out of time motion to dismiss, or Judge Laura Inveen's denial of Mr. Mandawala's 14th Amendment right to amend the complaint and process due to Era Living's failure to file a responsive pleading.

20.    Mr. Mandawala understands and believes the state court of appeals lacks the jurisdiction of sections 1985(2) and 1985(3). Thus, the reason it has never been addressed in the state court of appeals and Mr. Mandawala is hereby filing in this court that has original jurisdiction of the issues failed to be addressed in the Washington state courts. A good example of this is Era Living's attorney letter dated April 22nd, 2019, without advisory to the court is federally considered as intimidation to the litigant which is under original jurisdiction of section 1985(2).

PRECENDETS, STATUTARY AUTHORITY AND ANALYSIS

Section 1983.

*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or **other proper proceeding for redress**, except that in any action brought against a **judicial officer** for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

**Dennis v. Sparks, 449 U.S. 24 (1980))**

*(In January 1973, a judge of the 229th District Court of Duval County, Tex., enjoined the production of minerals from certain oil leases owned by respondents. In June 1975, the injunction was dissolved by an*

*appellate court as having been illegally issued. Respondents then filed a complaint in the United States District Court purporting to state a cause of action for damages under 42 U.S.C. 1983. All defendants moved to dismiss, the judge asserting judicial immunity and the other defendants urging dismissal for failure to allege action "under color" of state law, a necessary component of a 1983 cause of action. The District Court concluded that because the injunction was a judicial act within the jurisdiction of the state court, the judge was immune from liability in a 1983 suit, whether the injunction had issued as the result of a corrupt conspiracy. The case was reconsidered en banc, after the panel affirmed the district judge ruling, prior Circuit authority was overruled, and the District Court judgment was reversed as far as it had dismissed claims against the defendants other than the judge. <u>Sparks v. Duval County Ranch Co., 604 F.2d 976 [449 U.S. 24, 27] (1979).</u>* **The court ruled that there was no good reason in law, logic, or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly.** *Because the judgment below was inconsistent with the rulings of other Courts of Appeals 3 and involves an important issue, we granted the petition for certiorari. 445 U.S. 942. We now affirm.)*

21.    Section 1983 requires an action be done under color .... of any state or territory. The statute requires state (public official(s)) involvement <u>United States v. Price, 383 U.S. 787, 794 (1966)." 398 U.S., at 152,</u> In this case, Era Living and its attorneys are not public entities or officials but their actions of depriving Mr. Mandawala's right of proper court proceedings in that case involving Judge Inveen and the courtroom deputy clerk who are public officials. Mr. Mandawala did not put Judge Inveen and the deputy clerk as defendants in this case because they enjoy judicial and qualified immunity. However, these immunities do not extend to Era Living or their attorneys pursuant to the US Supreme Court interpretation of <u>Dennis v. Sparks.</u> *"The action against private parties accused of conspiring with the judge is not subject to dismissal. A private person, jointly (engaged) with state officials in a challenged action, are acting "under color" of the state law for the purpose of section 1983"* <u>Dennis v. Sparks 449 U.S. 24 (1980)</u>


Section 1985(2), (3).

(2)    **OBSTRUCTING JUSTICE; INTIMIDATING PARTY, WITNESS, OR JUROR**

.....*if two or more persons conspire for the purpose of* **impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State** *or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;*

(3)    **DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES**

*If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the* **purpose of depriving,** *either directly or* **indirectly, any person** *or class of persons* **of the equal protection of the laws, or of equal privileges and immunities under the laws;** *or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws;*

*Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971).

stated as a requirement of a cause of action based on § 1985(3) that: *"There must be some **racial**, or perhaps otherwise **class-based**, invidiously discriminatory animus behind the conspirators' action." Id.* at 102, 91 S. Ct. in 1798.

22.     Mr. Mandawala alleged both in the state court (see Aff B) and herein that he was subjected to racial discrimination and deliberate indifferent actions by the executive director who had the power to stop Mr. Mandawala's supervisor's discriminatory actions towards him. That satisfied Griffin's racial discrimination requirement.

23.     To satisfy section 1985(2) impeding the due course of justice of Washington state, this complaint stated that Era Living's attorney through ex parte agreed to set the hearing (A, sub#10) of an unfiled out of time motion to dismiss (ghost motion A. sub#12) was absolutly enough to overcome any motion to dismiss under this section..

24.     The general requirement of two people to conspire is satisfied by ex parte meetings between Era Living's attorney and Judge Laura Inveen. The allowed an out of time motion to dismiss without leave to extend the response period under CR12(a) is sufficiently pleading.

25.     As questionable as it shows the court of law scheduling a hearing 07/16/19 of the motion to dismiss prior to such motion being filed (07/26/19) in court is undisputedly proof of conspiracy that does not require written or verbal proof of agreement. *"The existence of an agreement [in civil] conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached agreement... The more common method of proving an agreement is through circumstantial evidence."* **US v. Ervin, 300. Fed.Appx. 845, 848 (11ᵗʰ Cir. 2008)** (cit & internal quotation omitted)

26.     *"The Supreme Court has consistently held that an allegation of a deprivation of [protected constitutional] rights at the hands of state officials, acting in their official capacity, is sufficient to allege a violation of the Fourteenth Amendment."* **Puentes v. Sullivan, 425 F. Supp. 249 (W.D. Tex. 1977)** *emphasis added*

## FIRST CAUSE OF ACTION
### (VIOLATION OF CONSTITUTIONAL RIGHT TO SUBSTANTIVE DUE PROCESS) 42 U.S.C. § 1983

27.     The Plaintiff alleges paragraphs 1 through 26 and below as though fully set forth herein.

28.     By their actions as described herein, the Defendants Era Living through their counsel, and Judge Inveen's action of under color of **statute**, ordinance, **regulation**, custom, or usage, subjected the Plaintiff to the deprivation of rights, privileges, or immunities secured by the Constitution and laws. As a Litigant in a state court, the Plaintiff has a liberty interest in grieving and with expectation of normal existing standards of litigations from prejudicial or from unfair advantages.

29.     The practices described above, including, but not limited to the defendant Era Living was supposed to notify the court in a timely fashion the reason they could not respond or present their defense

within the period specified in CR12(a). Instead to contacting the court to extend the response time, the Defendant inappropriately contacted Mr. Mandawala demanding a reservice of complaint and process without the court's knowledge to buy back responding time that was due .

30.    Laura Inveen, an experienced judge, knows that unrepresented parties are required to be contacted with the court's knowledge (advisory to the court). Era Living's counsel letter cannot be used as acceptable legal assistance because it is threatening dismissal of the complaint for the entire lawsuit. In addition to that, the letter was composed nine days after the response period had concluded.

31.    Era Living's counsel is not a court officer who can directly demand a Plaintiff to amend a complaint without the court's knowledge. That is a deliberate attempt to intimidate the opposing party.

32.    As a matter of due process, even if there was an issue with the complaint or service, Judge Inveen lacked the discretion to deny Mr. Mandawala a one time court ordered amendment of the complaint. Under the 14th Amendment of the U.S. Constitution, the judge lacks court discretion to deny a plaintiff a one time amendment of a complaint or process before a defendant file an answer.

33.    Since all 50 states abolished ambush trials, this is the first case where a court arranged a hearing of a motion that was not filed. This is a good example of sufficient pleading of deprivation of rights in which the federal courts look for that survives a motion to dismiss.

34.    If the attorney's letter was truly intended for Mr. Mandawala to correct the deficiencies on service of process, why did they send it 9 days after the response period had ended? Why did they file the motion 124 days after the 20-day response period passed?

## FIFTH CAUSE OF ACTION
### (VIOLATION OF CONSTITUTIONAL RIGHT TO EQUAL PROTECTION)
### 42 U.S.C. § 1983

35.    Plaintiff re-alleges paragraphs 1 through 34 as though fully set forth herein.

36.    The actions of the Defendant Era Living and the inappropriate deliberate behavior of Judge Inveen, as described above, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. Such actions were inflicted upon Mr. Mandawala who was looking for a fair superior court proceeding as any other litigant is entitled to. With the actions mentioned herein, the Defendant and Judge Inveen, have, by acting under the color of state law, deprived Mr. Mandawala of rights, privileges, or immunities secured to him by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983 especially the 'or usage' in the statute.

37.    The practices described above, including, but not limited to Judge Inveen dismissing Mr. Mandawala's complaint by ambush style proceeding where the out of time motion to dismiss was filed without an extension of time as required CR12(a). Furthermore, there is no court rule in Washington state that supports a hearing of a motion without it being filed with a court clerk beforehand. The normal standards of court proceedings in Washington state could require Era Living to show the reason the court

should consider CR12(b)5 that was out of time pursuant to the CR12(a) timeline.

38.    The US constitution does not specify that Washington state law should exempt Era Living from asking the court to extend the time to respond to their lawsuit. Era Living could have sought a court order to extend the time to respond like any other defendant in Washington state.

39.    The US constitution does not specify that Mr. Mandawala does not deserve a onetime right to amend a complaint when Era Living did not file an answer. The Washington state superior court rules apply to everyone. Therefore, Mr. Mandawala deserved the right CR4(h) which allows the plaintiff to amend the process.

40.    Era Living's counsel was not assigned to be mediator of her client and Mr. Mandawala for Judge Inveen to consider her threating letter to be legal assistance to the Plaintiff. As a matter of equal protection in the Fourteenth Amendment of the US Constitution, one attorney cannot represent two opposing parties in the same litigation. The Era Living counsel was representing Era Living's interest in that course of action which is defending their client. Era Living's counsel attempt to buy back the responding time by coercing Mr. Mandawala after the response time ended violates the equal protection clause and section 1985(2).

41.    As a citizen of this country, Mr. Mandawala deserves the same legal rules and regulations that apply to any litigant in court when a defendant's response time has run out.

### SIXTH CAUSE OF ACTION
### (IMPEADING AND INTERFEARING WITH CIVIL RIGHTS COURT PRECEEDING)
### 42 U.S.C. § 1985(2) et seq.

42.    Plaintiff re-alleges paragraphs 1 through 41 as though fully set forth herein.

43.    Section 1985 of deprivation of civil rights Act, part (2) last clause, ("**or if two or more persons conspire for the purpose of impeding, hindering, obstructing, defeating in any manner, the due course of justice in any state or territory with intent to deny any citizen the equal protection of the law….**") prohibits what has been described above and herein.

44.    Defendant Era Living through their attorney purposefully, knowingly, intentionally, decided **to defeat** the due course of justice when they deliberately did not ask the court to extend the response time that was 9 days past due. Instead of asking the court to extend the responding period, the Era Living attorney demanded Mr. Mandawala to make a service of process again with an attempt to buy back the lost response time. Whether deliberate or not, Judge Inveen and The Era Living counsel conspiracy agreement forgot that the court cannot schedule a hearing of a motion that is not filed in court as this was abolished in the 1950s (ambush trials).

45.    The practices described herein and above, including, but not limited to, schedule a hearing of motion that is not filed yet. The ex parte conversation between the judge through the courtroom deputy

clerk and the defendant was highlighted on communication that was shared at the end of ex parte says "as we discussed on area" Mr. Mandawala was not involved in that so called area discussion. This is considered "**impeding**" as it influences the court room deputy to act in an unprocedural way. As explained above, the Defendant Era Living could have asked the court to extend the response period prior to the deadline. Since the response period had passed, the Defendant avoided to inform the court of their intentions about Mr. Mandawala's deficiencies because informing the court would have caused ruled 15(c) to apply to their demands. Therefore Era Living's demands are not in good faith and should be considered a threat to Mr. Mandawala.

46.     As a matter of equal protection clause mentioned in section 1985(2), the attorney representing the opposite party in a deprivation of rights case can not offer legal help to the opposite party in the same case or litigation without the court's knowledge or advisory to the court. Since there was no court knowledge of Era Living contacting Mr. Mandawala demanding another service of process to their client, the court can not consider that as legal help because it is an act of hindering Mr. Mandawala from having a fair court proceeding.

47.     Defendant Era Living will take full responsibility in all conducts mentioned above and herein by their counsel Ms. Sherwood along with Judge Inveen and courtroom staff who scheduled the hearing of ghost motion to dismiss.

### SEVENTH CAUSE OF ACTION
**(CONSPIRE TO DEPRIVE PERSONS CIVIL RIGHTS)**
**42 U.S.C. §§ 1985(3) et seq.**

48.     Plaintiff re-alleges paragraphs 1 through 47 as though fully set forth herein.

49.   Section 1985 of civil rights conspiracy under paragraph 3 requires (1) a conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom.

50.     The civil rights conspiracy of section 1985(3) requires "agreement" or in absent of the agreement the "Plaintiff must allege facts enough to demonstrate that the parties in conspiracy have meet of the mind and at least one-party act in furtherance of the conspiracy."

51.     "The existence of an agreement [in civil] conspiracy case is rarely proven by direct evidence that the conspirators formally entered or reached agreement... The more common method of proving an agreement is through circumstantial evidence." US v. Ervin, 300. Fed.Appx. 845, 848 (11th Cir. 2008) (cit & internal quotation omitted).

52.     Ms. Sherwood and Judge Inveen are both deemed to know the law and court rules. With that being said, neither of them can claim they had no idea that a past due response is required to show cause or motion to the court leave to file an out of time response.

53.     Under the 14th Amendment of the US Constitution, the state court is required to protect all

litigants in each of every case filed in court. While in court, Judge Inveen said "You should have appreciated Mrs. Sherwood's legal help." to Mr. Mandawala. This comment has no US constitutional merit. Mrs. Sherwood was in the court proceedings for the interest of defending their client Era Living from Mr. Mandawala's allegations in the complaint. It is improper for the judge to consider one attorney representing two parties who have different interests in the same litigation.

54.    Whether there was fraudulent activities or improper influence, the facts here are straight. 1. Out of time objections require a motion to be filed to extend the time to respond to the complaint. 2. A formal court cannot set up a hearing of the motion to dismiss that has not been filed with the court (ghost motion) or ambush style court proceedings.

55.    No federal court would accept any reasoning or justification for setting up the hearing of a motion that was not filed in court.

**EIGHTH CAUSE OF ACTION**
**(ACTION OF NEGLIGENCE TO PREVENT)**
**42 U.S.C. §§ 1986 et seq.**

56.    The Plaintiff re-alleges paragraphs 1 through 56 as though fully set forth herein.

57.    Section 1986 punishes any person who has knowledge that the deprivation of rights as stated in section 1985 is about to occur (includes failed deprivation) and did not act to prevent it. Such a person is as equally responsible as the person who committed the act itself.

58.    Both Mrs. Sherwood and Judge Inveen had the power to put a stop on either conspiracy or deprivation of constitutional rights mentioned in this complaint.

## VI.  PRAYER

WHEREFORE, the Plaintiff demands judgment for the damages resulting from the defendants' Civil Rights conspiracies and deprivation under 42 U.S.C §§ 1983, §1985(2), (3) ,1986. The Defendant Era Living should be severely punished for the actual, general, special, compensatory damages in the amount of $8,420,000.00.

**Other Relief**

Other compensation, general damages according to proof with appropriate punitive damages. The Plaintiff, Mr. Mandawala, is requesting the court to consider punitive damages because it will stand as an example to warn others of the consequences of using court officials to deprive other people's rights. All such other and further relief as the court deems just and proper.

Dated: August 3, 2022,                    respectfully submitted,

_Symon Mandawala_

Post Office Box 5512, San
Antonio, TX 78201
**Plaintiff**

## AFFIDAVIT/CERTFICATE OF SERVICE

I, Symon Mandawala on 8/18/2022 a true copy of the **complaint** was sent to the defendant's address below.

400 Union St,
Seattle, WA98101

Symon Mandawala

Post Office box 5512
San Antonio, Texas 7810



U.S. District Court
clerks office
700 Stewart Street Suit-2310
Seattle, WA 98101

P o Box 5512
San Antonio
Texas 78201