HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SYMON MANDAWALA,

    Plaintiff,

  v.

ERA LIVING LLC,

    Defendant.

Case No. 2:22-cv-01179-RAJ

**ORDER**

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's motion to permit service of summons by certified mail. Dkt. # 4. For the reasons below, the Court **DENIES** the motion.

In his short motion, Plaintiff seeks permission to serve Defendant Era Living LLC ("Era Living") by certified mail, or through the attorney representing the company in the parties' state court matter. Dkt. # 4 at 2. Without adding much detail, Plaintiff claims that he has had difficulty serving Defendant, who has purportedly "run off" from being served. *Id*.

## II.    DISCUSSION

Rule 4 of the Federal Rule of Civil Procedure governs service of process. Under Rule 4(h)(1), a corporation located within the United States, such as Era Living, must be served:

    (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

ORDER – 1

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant....

Fed. R. Civ. P. 4(h)(1).

In turn, Rule 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The pertinent Washington statute provides that personal service on a corporation must be made as follows:

> Service made in the modes provided in this section is personal service. The summons shall be served by delivering a copy thereof ... to the president or other head of the company or corporation, the registered agent, secretary, cashier or managing agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent.

RCW 4.28.080(9).

The uniform business organizations code also provides a means by which a corporation may be served process via certified mail:

> (1) A represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent.
> (2) If a represented entity ceases to have a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office. The address of the principal office must be as shown in the entity's most recent annual report filed by the secretary of state. Service is effected under this subsection on the earliest of:
>      (a) The date the entity receives the mail or delivery by the commercial delivery service;

ORDER – 2

     (b) The date shown on the return receipt, if executed by the entity; or
     (c) Five days after its deposit with the United States postal service or commercial delivery service, if correctly addressed and with sufficient postage or payment.

RCW 23.95.450.

  Plaintiff seeks permission to serve by certified mail. For a party to be authorized to serve process via certified mail under RCW 23.95.450, the party must present facts establishing that the represented entity either "ceases to have a registered agent, or [that] its registered agent cannot with reasonable diligence be served." RCW 23.95.450(2). Here, Plaintiff has not made this showing. Specifically, Plaintiff fails to present any evidence demonstrating that Era Living did not have a registered agent, or that Era Living's registered agent could not be served with reasonable diligence. *See BMO Harris Bank N.A. v. Miller Transportation LLC*, 2020 WL 8617422, at *2 (W.D. Wash. May 5, 2020) ("But only if the 'registered agent cannot with reasonable diligence be served' may Plaintiff proceed past subsection (1)."). "Reasonable diligence requires the plaintiff to make honest and reasonable efforts to locate [another]." *Wright v. B&L Props., Inc.*, 113 Wn. App. 450, 458 (2002). Since Plaintiff has not shown that either of the conditions under RCW 23.95.450 is met, Plaintiff is not authorized under the statute to serve Era Living via certified mail. Accordingly, the motion is **DENIED**.

  DATED this 30th day of November, 2022.

                *[signature]*
                The Honorable Richard A. Jones
                United States District Judge

ORDER – 3