HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SYMON MANDAWALA,

    Plaintiff,

    v.

ERA LIVING LLC,

    Defendant.

Case No. 2:22-cv-01179-RAJ

ORDER DISMISSING ACTION

## I. INTRODUCTION

This matter comes before the Court *sua sponte*. For the reasons below, the Court **DISMISSES** the action.

## II. BACKGROUND

Plaintiff alleges misconduct on behalf of a state judicial officer in an action against his former employer. Dkt. # 1. Specifically, Plaintiff contends that a Washington state judge conspired with counsel for Defendant Era Living, including having *ex parte* meetings, to dismiss Plaintiff's employment discrimination case without proper jurisdiction. Dkt. # 1 at 3-5.

## III. DISCUSSION

Proceeding *in forma pauperis*, Plaintiff's complaint is subject to *sua sponte* review and must be dismissed if it "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §

ORDER – 1

1915(e)(2)(B)(ii)–(iii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). A complaint fails to state a claim if it "does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). The court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Accordingly, even as to *pro se* complaints, "unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

After reviewing the Complaint, the Court finds that it must be dismissed. Each claim alleges misconduct on behalf of a state court judge in handling Plaintiff's underlying lawsuit. "Judges are immune from suit arising out of their judicial acts, without regard to the motives with which their judicial acts are performed, and notwithstanding such acts may have been performed in excess of jurisdiction, provided there was not a clear absence of all jurisdiction over the subject matter." *Sires v. Cole*, 320 F.2d 877, 879 (9th Cir. 1963); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (explaining that a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority). Therefore, allegations where judicial officers are carrying out duties related to the judicial process, such as interpreting the law and issuing orders, fall within the purview of judicial or quasi-judicial immunity. *Id.* Here, Plaintiff alleges that the judge in the underlying suit granted Defendant Era Living LLC's motion to dimiss, and later denied Plaintiff's motion for reconsideration. Dkt. # 1 at 4-5. This conduct is squarely in the realm of judicial officers carrying out duties related to the judicial process.

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint without prejudice.

ORDER – 2

## IV.  CONCLUSION

For the reasons stated above, the Court **DISMISSES** Plaintiff's complaint without prejudice. Within fourteen (14) days from the date of this Order, Plaintiff may file an amended complaint. If Plaintiff does not file an amended complaint within that timeframe, or if Plaintiff files an amended complaint that does not state a cognizable claim for relief or is otherwise untenable under § 1915(e), the Court will dismiss the action.

DATED this 11th day of April, 2023.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3